## L. A. BOYD v. THE STATE.

No. 3297. Decided February 21, 1906.

**Local Option—Insufficiency of Evidence—Sale.**

See opinion for evidence held insufficient to show a sale of intoxicating liquor by the defendant to the alleged purchaser.

Appeal from the County Court of Taylor. Tried below before the Hon. D. G. Hill.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

No brief on file for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with selling intoxicating liquor to D. J. Hill, in violation of the local option law. Witness Wade went to Hill, and asked him if he had any whisky, and received a negative reply. However, he stated he thought he could find some one who had whisky. He left Wade and soon returned with an order for some whisky, which was addressed to the express agent, and signed L. A. Boyd. Wade gave Hill $1.25 or $1.30. Hill presented the order to the express agent at Abilene, and got a quart of whisky. Hill

testified in regard to the conversation with Wade, and further that he fell in with a relative of his by the name of Vaughan and they together went to appellant, and asked him if he had any whisky in the express office. Appellant stated that he did not. They then informed .him that there was a C.O.D. package in the express office for him, and asked him if they could have it. Appellant stated if there was any there he did not know anything about it, and that it must be a mistake. They repeated the statement that it was there, and asked him if they could have it. His reply was, "It is none of mine; you can have it, if you can get it." Hill then testifies, "He did not give a written order at the time, and did not go to the express office and authorize the express agent to deliver it to us. Vaughan, who was with me, turned around, and we were walking off and Vaughan wrote the order and signed defendant's name to it. I took the order to the depot, and gave it to Ed Wade, and Ed gave me $1.30 and I took the order and got the whisky. I was acting for Ed Wade who wanted the whisky."

Maxwell testified that he went to the office of the county attorney with the defendant. Defendant's purpose was to correct a statement he had previously made to the county attorney "the day before about a whisky matter. He stated, in the presence of the county attorney, when I was there that the boys had asked him about the whisky in the office that was there in his name, and he told them that they could have it if they could get it. He did not say that he gave D. J. Hill an order for the whisky." The State here rested the case; and appellant testified, among other matters, that Vaughan and Hill came to him, and asked him if he had any whisky in the express office. He informed them he had not and had ordered none; that if there was any whisky there it must belong to somebody else. They informed him then, there was some whisky there in his (appellant's) name, and wanted to know if they could have it. To which he replied, "I told them I did not have any there that I knew about; but if they could get any out, so far as I was concerned they could have it. I had not ordered any whisky. I did not on that day give anybody a written order to anybody to get my whisky out of the express office. I did not go about the office, or so verbally authorize the agent." This is a sufficient statement of the facts to show that appellant did not sell any whisky to Hill.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*